UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>WESLEY DAVID TODD,<br><br>        Defendant. | Case No.: 17-cr-0911-L<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELIEF WITH LEAVE TO AMEND [ECF NO. 44]** |

  On April 15, 2021, Defendant, Wesley David Todd, filed a Motion for Compassionate Relief. (Motion at 1 [ECF No. 44.]) Defendant argues that the conditions of confinement at the correctional facility where he is incarcerated have not met the COVID-19 pandemic safety protocols. (*Id*.) Defendant further contends he is eligible for compassionate release because his case manager has not submitted his halfway house request, and he has been denied his First Step Act "earned time credits." (*Id*. at 2).

  On September 11, 2017, Defendant was convicted of Importation of Heroin, in violation of 21 U.S.C. §§ 952, and 960. The Court sentenced Defendant to 60 months' imprisonment and five years of supervised release. (Judgement at 1 [ECF NO. 36.]) Defendant is incarcerated at Coleman Low Federal Correctional Center ("Coleman") and has served about 43 months of the original sentence.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in extraordinary circumstances, grant a defendant's motion to reduce his term of imprisonment. Before filing that motion, the defendant must first request that BOP file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The Sentencing Commission policy statement includes an application note that gives Court's guidance when determining whether "extraordinary and compelling reasons" support the request. First, a defendant who is suffering from a terminal illness, such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia" may qualify. U.S.S.G. § 1B1.13, cmt. n.1 (A)(i). Second, a defendant can meet the standard if he or she is:

(I)   suffering from a serious physical or medical condition,
(II)  suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13, cmt. n.1(A)(ii). Third, a defendant may qualify on the basis of age if he or she is (1) at least 65 years old; (2) experiencing "a serious deterioration in physical

or mental health because of the aging process"; and (3) has served at least 10 years or 75% of the sentence, whichever is less.  U.S.S.G. §1B1.13, cmt. n.1(B).  Fourth, certain family circumstances may be considered extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1(C). Last, the Commission provides that the BOP may identify "other reasons" that qualify as "extraordinary and compelling" reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)."  U.S.S.G. § 1B1.13 cmt. n.1(D). Requests for compassionate release due to the danger of remaining incarcerated during the COVID-19 pandemic may be granted when "extraordinary and compelling reasons" exist, and the Court determines that the defendant is not a risk to the community along with considering the section 3553(a) factors.

In the current motion, Defendant states generally that the conditions of confinement do not meet with COVID-19 standards, but does not explain what those conditions are, nor how they have affected him. He also does not identify how the case manager's failure to request a halfway house placement, or award him "Earned Time Credits" qualifies him for compassionate release.

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Compassionate Release without prejudice, and with leave to amend.

**IT IS SO ORDERED**

Dated:  April 23, 2021

Hon. M. James Lorenz
United States District Judge